1  Corey Watson (SBN 204679)
   corey.watson@kirkland.com
2  KIRKLAND & ELLIS LLP
   333 South Hope Street
3  Los Angeles, CA 90071
   Telephone:   (213) 680-8400
4  Facsimile:   (213) 680-8500

5

6

7                    **UNITED STATES DISTRICT COURT**

8                    **EASTERN DISTRICT OF CALIFORNIA**

9  THE BOEING COMPANY,                    )  **MISCELLANEOUS ACTION**
                                          )
10             Petitioner,                )  CASE NO.   13-MC-00060-MCE-CKD
                                          )
11       vs.                              )
                                          )  **STIPULATED AND [~~PROPOSED~~]**
12 VIASAT, INC., VIASAT COMMUNICATIONS,   )  **PROTECTIVE ORDER**
   INC., f/k/a WILDBLUE COMMUNICATIONS,   )
13 INC., SPACE SYSTEMS/LORAL, INC., LORAL )
   SPACE & COMMUNICATIONS, INC.,          )  CASE NO. 12-cv-00260 (S.D. Cal.)
14                                         )
               Respondents.               )
15 _____)
   VIASAT, INC.,                          )
16 VIASAT COMMUNICATIONS, INC., f/k/a     )
   WILDBLUE COMMUNICATIONS, INC.,         )
17                                         )
               Plaintiffs,                )
18                                         )
         vs.                              )
19                                         )
   SPACE SYSTEMS/LORAL, INC., LORAL SPACE )
20 & COMMUNICATIONS, INC.,                )
                                          )
21             Defendants.                )
   _____)
22

23

24

25

26

27

28

04568.51904/5214257.1

Space Systems/Loral, Inc. and Loral Space & Communications, Inc. (collectively, "Loral") have served a subpoena on The Boeing Company ("Boeing") issued from the Eastern District of California (the "Subpoena").  At least some of the documents and information being sought in connection with the Subpoena are, for competitive and regulatory reasons, normally kept confidential.  The undersigned parties and their counsel of record have agreed to be bound by the terms of this Protective Order ("Order") for information, including documents, provided by Boeing in response to the Subpoena (and any other subpoena that may be served on Boeing in the underlying litigation).

The materials to be produced in connection with the Subpoena may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7).  Moreover, certain materials may contain information that is subject to the export and import control laws and regulations of the United States, including the U.S. Arms Export Control Act, the International Traffic In Arms Regulations, the Export Administration Act, and/or the U.S. Export Administration Regulations.  The purpose of this Order is to protect the confidentiality of such materials as much as practical and to ensure compliance with all applicable export control laws and regulations.  THEREFORE:

## **DEFINITIONS**

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including without limitation, documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential under any of the confidentiality designations set forth in this Order by any party to which such information belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts;

recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; computer source code; models and prototypes and other physical objects—regardless of whether this information or material exists in an electronic form, such as on a hard-drive, disc, portable USB drive, server, network drive, e-mail system, or in any other form electronic or otherwise.

3.      The term "Counsel of Record" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff, employed at the law firms identified below:

(a)      For Plaintiffs: Quinn Emanuel Urquhart & Sullivan, LLP and Chapin Fitzgerald & Bottini LLP;

(b)      For Defendants: Susman Godfrey L.L.P. and Vierra Magen Marcus & DeNiro LLP.

(c)      For Boeing:  Kirkland & Ellis LLP.

4.      The term "Litigation" shall mean the proceeding captioned *ViaSat, Inc. et al. v. Space Systems/Loral Inc., et al.*, Case No. 3:12-cv-00260-H-WVG (S.D. Cal.).  The terms "Party" or "Parties" shall refer to any of the following entities named in the Litigation, including counsel for any of these Parties: ViaSat, Inc., ViaSat Communications, Inc. f/k/a WildBlue Communications, Inc., Space Systems/Loral, Inc. and Loral Space & Communications, Inc.

## **GENERAL RULES**

5.      Each party that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" and/or "CONFIDENTIAL— PROSECUTION BAR" and/or "CONFIDENTIAL—COUNSEL ONLY" and/or "RESTRICTED CONFIDENTIAL" as follows:

(a)      Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its

counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

(b)     Designation as "CONFIDENTIAL—COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL—COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

(c)     Designation as "CONFIDENTIAL—PROSECUTION BAR": Any party may designate information as "CONFIDENTIAL—PROSECUTION BAR" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, and is or describes engineering, research, development, or other technical material relating to satellite communications systems proprietary to the designator or to third parties with whom the designator is under an obligation of confidentiality.

(d)     Designation as "RESTRICTED CONFIDENTIAL": The parties recognize that certain sensitive material proprietary to Hughes Network Systems, LLC may be subject to discovery in this Litigation. To protect the legitimate interests of Hughes Network Systems, LLC, a Producing Party may designate material the Producing Party in good faith believes contains such proprietary information "RESTRICTED CONFIDENTIAL."

6.     In addition to the confidentiality designations set forth above, a party shall further designate any materials or information that it believes to be subject to U.S. export and import control laws and regulations, including, without limitation, the U.S. Arms Export Control Act, as amended, the International Traffic in Arms Regulations (ITAR), as amended, the Export Administration Act, as amended, and the U.S. Export Administration Regulations, as amended, as "SENSITIVE— SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations."  Such materials

and information shall be subject to the additional restrictions and procedures set forth in Paragraph 12.

7.      All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL—COUNSEL ONLY" or "CONFIDENTIAL—PROSECUTION BAR" or "RESTRICTED CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with the Litigation, unless and until such designation is removed either by agreement of Boeing, or by order of the Court.

8.      In no event shall any individual receiving material designated "CONFIDENTIAL-PROSECUTION BAR" participate in the preparation and/or prosecution of any new or pending patent application, continuation, divisional, renewal, substitute, or convention application, or any portion thereof, whether in the United States or abroad, if the foregoing activities relate to satellite communication systems, nor shall any individual receiving material designated "CONFIDENTIAL-PROSECUTION BAR" participate in strategizing any of the foregoing activities ("Prosecution Bar").  This Prosecution Bar shall be in effect until two years after this litigation is resolved and the right to any appeal by any party is exhausted or lapsed.

9.      For information designated "RESTRICTED CONFIDENTIAL":

    (a)      Material so designated will receive the same treatment as material marked "CONFIDENTIAL—COUNSEL ONLY" except that the designated in-house counsel for each party (Mr. Robert Blair for the Plaintiffs and Ms. Michelle Kley for the Defendants) may access that material only for viewing and only in the offices of the Receiving Party's counsel of record identified above.

    (b)      Any "RESTRICTED CONFIDENTIAL" designation of any material may be challenged or objected to according to the procedures in paragraph 18 below.

10.      Access to "CONFIDENTIAL" documents: Information and material marked "CONFIDENTIAL" may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party or upon order of the Court:

(a) Counsel of Record;

(b) Employees of such counsel assigned to and reasonably necessary to assist such counsel in the Litigation, including supporting personnel employed or retained by the attorneys, such as paralegals, contract attorneys, photocopy, document imaging, and database services, legal translators, legal secretaries, legal clerks and shorthand reporters, and/or independent legal translators retained to translate in connection with the Litigation, or independent shorthand reporters retained to record and transcribe testimony in connection with the Litigation;

(c) In-house counsel for the Parties to the Litigation who either have responsibility for making decisions dealing directly with the Litigation, or who are assisting outside counsel in the Litigation and have executed the form attached as Exhibit A;

(d) up to and including three (3) designated representatives of each of the parties to the extent reasonably necessary for the Litigation, provided the following conditions have been satisfied:  (1) They have executed the form attached as Exhibit A; and (2) prior to the disclosure of any document or material designated by Boeing as "CONFIDENTIAL," counsel for the Parties shall first give counsel for Boeing written notice by facsimile or e-mail of the identity of the individuals to receive access to Boeing's "CONFIDENTIAL" documents or materials pursuant to this subsection of the Protective Order. Counsel for Boeing shall have 5 days following the receipt of such notice to object to the proposed disclosure.  If, at the end of the 5-day period, counsel for Boeing has not objected to the proposed disclosure, Boeing will be deemed to have provided consent.  Furthermore, any Party may in good faith request another party's consent to designate one or more additional representatives, and the other party shall not unreasonably withhold such consent.  The requesting party may seek leave of Court to designate such

1    additional representative(s) if the requesting party believes the other party has

2    unreasonably withheld consent;

3    (e)    outside consultants or experts, including jury consultants and mock jurors,

4    (i.e., not existing employees or affiliates of a Party or an affiliate of a Party)

5    retained for the purpose of the Litigation, provided that:  (1) all outside

6    consultants or experts, with the exception of mock jurors, comply with the

7    requirements of this Order; (2) such outside consultants or experts are not

8    presently employed by the Parties hereto for purposes other than the

9    Litigation; (3) disclosure to mock jurors comports with this Order; and (4)

10    they have signed the form attached as Exhibit A.

11    (f)    independent litigation support services, including persons working for or as

12    graphics or design services retained by counsel and reasonably necessary to

13    assist counsel with the Litigation, provided that they have signed the form

14    attached as Exhibit A;

15    (g)    This Court, the Court in the Litigation, and their personnel;

16    (h)    persons who appear on the face of Confidential Information as the author,

17    addressee, or recipient thereof;

18    (i)    any designated arbitrator or mediator who is assigned to hear the Litigation, or

19    who has been selected by the Parties, and his or her staff, who have signed the

20    form attached as Exhibit A;

21    (j)    Court reporters and videographers employed in connection with the

22    Litigation; and

23    (k)    Stenographic and clerical employees associated with the persons identified in

24    subparagraphs (a) through (j) above.

25    11.    Access to information designated "CONFIDENTIAL—COUNSEL ONLY," and for

26    information designated "CONFIDENTIAL—PROSECUTION BAR":  access to, and disclosure of,

27    such material shall be limited to individuals listed in subparagraphs (a) through (b) and (e) through

28    (j), and stenographic and clerical employees associated with the persons identified in subparagraphs

(a) through (b) and (e) through (j), in paragraph 10 above. However, the right of any independent expert or consultant to receive any "CONFIDENTIAL—COUNSEL ONLY" and/or "CONFIDENTIAL-- PROSECUTION BAR" information will be subject to the advance approval of such expert or consultant by Boeing or by permission of the Court.  The party seeking approval of an independent expert or consultant must provide Boeing with: (1) the full name of the Expert, his or her citizenship, and the city and state of his or her primary residence, (2) a copy of the Expert's current resume, (3) a list of the Expert's current employers, (4) a list of each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the Expert has provided professional services at any time during the preceding five years, (5) a list (by name and number of case, filing date, and location of the court or other body) of any dispute resolution proceeding in connection with which the Expert provided any professional service during the preceding five years, (6) curriculum vitae of the proposed independent expert, and (7) an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the Expert.

(a)      Any objection by the producing party to an independent Expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed Expert. Confidential Information may be disclosed to an independent Expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent Experts must not be unreasonably withheld. Further, the receiving party may host "CONFIDENTIAL—COUNSEL ONLY" material and/or "CONFIDENTIAL—PROSECUTION BAR" material only on either: (1) any system inside the firewall the receiving party's Counsel of Record, or (2) a system of a professional ESI Vendor retained by Counsel of Record of the receiving party. "CONFIDENTIAL—COUNSEL ONLY" material and "CONFIDENTIAL—PROSECUTION BAR" material also shall not be sent or transmitted to any person, location, or vendor outside of the United States except to Counsel of Record and outside consultants or experts designated in

1   subparagraphs 10(e) and paragraph 11 above. To the extent any

2   "CONFIDENTIAL—COUNSEL ONLY" material or "CONFIDENTIAL-

3   PROSECUTION BAR" material is sent or transmitted from or to authorized

4   recipients outside of the receiving party's Counsel of Record's office, or

5   outside of the ESI Vendor's system, the transmission shall be by hand (and

6   encrypted if in electronic format), by a secure transport carrier (e.g., Federal

7   Express), or by encrypted means.

8   (b)   Additionally, Mr. Robert Blair for the Plaintiffs may access material

9   designated "CONFIDENTIAL—COUNSEL ONLY" or "CONFIDENTIAL—

10   PROSECUTION BAR" provided he executes a copy of the form attached as

11   Exhibit A in advance of receiving material designated "CONFIDENTIAL—

12   COUNSEL ONLY" or "CONFIDENTIAL—PROSECUTION BAR".  With

13   respect to this subsection, ViaSat hereby expressly represents that Mr. Blair

14   advises ViaSat personnel on litigation issues related to ViaSat's business but

15   does not advise on business decisions or patent prosecution matters.  Nor does

16   Mr. Blair have any competitive-decision making authority or duties.  Mr.

17   Blair's access to information designated by Boeing as "CONFIDENTIAL—

18   COUNSEL ONLY" and "CONFIDENTIAL—PROSECUTION BAR" shall

19   be limited according to the provisions set forth in paragraph 11.

20   (c)   In addition, either SSL or Loral shall have the right to designate one in-house

21   counsel who shall have the same access to documents as given to Mr. Blair,

22   provided the designated in-house counsel meets the same criteria as Mr. Blair.

23   However, before disclosing any information designated by Boeing as

24   "CONFIDENTIAL—COUNSEL ONLY" or "CONFIDENTIAL—

25   PROSECUTION BAR" to any such designated in-house counsel, counsel for

26   SSL and/or Loral shall first give counsel for Boeing written notice by

27   facsimile or e-mail of the identity of the in-house counsel designated under

28   this subsection of the Protective Order.  Such written notice shall contain SSL

and/or Loral's written assurances that the designated in-house counsel meets the same criteria as Mr. Blair, including that such designated in-house counsel does not advise on business decisions or patent prosecution matters, nor does such designated in-house counsel have any competitive-decision making authority or duties.  Counsel for Boeing shall have 5 days following the receipt of such notice to object to the proposed disclosure, and Boeing shall not unreasonably object.  If, at the end of the 5-day period, counsel for Boeing has not objected to the proposed disclosure, Boeing will be deemed to have provided consent.  If Boeing objects to the proposed disclosure within the 5-day period, SSL or Loral may raise this issue with the Court; however, no information marked by Boeing as "CONFIDENTIAL—COUNSEL ONLY" or "CONFIDENTIAL—PROSECUTION BAR" may be disclosed to the designated in-house counsel for SSL or Loral, until a ruling by the Court to disclose such information.

12.    In addition to any confidentiality designation, information additionally designated "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" shall not be disclosed to any person who is not a U.S. Person as defined by the U.S. export control laws and regulations. Further:

(a)    Each party or person who receives materials or information designated as "SENSITIVE—SUBJECT TO EXPORT CONTROL —U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" shall become familiar with U.S. export control laws and regulations, including, but not limited to, the U.S. Arms Export Control Act, as amended, 22 U.S.C. § 2751-2799, the International Traffic in Arms Regulations, as amended, 22 C.F.R. §§ 120-130, the Export Administration Act, as amended, 50 U.S.C. §§ 2401-2420, and the U.S. Export Administration Regulations, as amended, 15 C.F.R. § 730 et seq.,

and shall adhere to all U.S. export control laws and regulations and requirements specified in those laws, rules, and regulations.

    (b)    If materials or information designated "SENSITIVE—SUBJECT TO EXPORT CONTROL —U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" are stored on a server, access to the server shall be password protected, access to the server shall be limited to those persons identified in Paragraph 12(a), and the server shall be maintained by only U.S. Persons as defined by the U.S. export control laws and regulations.

13.    With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL¬COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

14.    Whenever a deposition taken on behalf of any party or a hearing involves a disclosure of Confidential Information of any party:

    (a)    the deposition, hearing, or portions of the deposition or hearing must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions or hearings as containing Confidential Information after transcription of the proceedings. A party will have until thirty (30) days after receipt of the deposition or hearing transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL," "CONFIDENTIAL— COUNSEL ONLY," and/or "CONFIDENTIAL-PROSECUTION BAR", and/or "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations."

    (b)    until expiration of the 30-day period described in subparagraph (a) above, the entire deposition or hearing transcript shall be treated as though marked

"CONFIDENTIAL—COUNSEL ONLY" and

"CONFIDENTIAL¬PROSECUTION BAR" and "SENSITIVE—SUBJECT

TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In

Arms Regulations, Export Administration Act, U.S. Export Administration

Regulations" unless a different confidentiality level is requested at the time of

the deposition or hearing by the party whose designated material is at issue

and such request is agreed to by the producing party.

(c)    No persons except for those permitted access by this Order shall be permitted

to attend the deposition at such time as Confidential Information is disclosed.

(d)    The originals of the deposition, hearing, or trial transcripts and all copies of

such transcripts must bear the legend "CONFIDENTIAL," or

"CONFIDENTIAL—COUNSEL ONLY," and/or "CONFIDENTIAL—

PROSECUTION BAR", and/or "SENSITIVE—SUBJECT TO EXPORT

CONTROL—U.S. Arms Export Act, International Traffic In Arms

Regulations, Export Administration Act, U.S. Export Administration

Regulations" as appropriate, and the original or any copy ultimately presented

to a court for filing must not be filed unless it can be accomplished under seal,

identified as being subject to this Order, and protected from being opened

except by court order.

15.    In no event shall any person receiving access to Boeing's Confidential Information
use it for commercial or competitive purposes or intentionally make any public disclosure of the
contents thereof, except as otherwise provided by this Order..

16.    Unless otherwise permitted in writing by Boeing, any person permitted to receive
Boeing's "CONFIDENTIAL—COUNSEL ONLY" material and/or Boeing's "CONFIDENTIAL—
PROSECUTION BAR" material, or who obtains, receives, has access to, or otherwise learns, in
whole or in part, Boeing's CONFIDENTIAL—COUNSEL ONLY" material and/or Boeing's
"CONFIDENTIAL—PROSECUTION BAR" material under this Order agrees not to perform
hardware or software development work or product development work that relies upon, uses, or

incorporates, in any way, information disclosed in Boeing's Confidential Information that is not publicly known.

17.     Before any materials produced in discovery, including, but not limited to, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as "CONFIDENTIAL," "CONFIDENTIAL—COUNSEL ONLY," and/or "CONFIDENTIAL-PROSECUTION BAR", and/or "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" are filed with the Court or disclosed at a hearing or trial for any purpose, the party seeking to file or otherwise disclose such material must seek permission of the Court to file the material under seal or to close the courtroom when such material is disclosed.  This requirement shall not apply to materials that have been deemed by the Court not confidential and/or not owed the protections afforded to the various confidentiality and other designations set forth in this Order.  Nor shall this requirement apply to materials for which Boeing has removed or omitted any confidentiality or other designations.

18.     No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

19.     At any stage of the Litigation, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

20.     All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of Boeing and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

21.     No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

22.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party.

23.     Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other privilege, doctrine or immunity.

24.     Nothing in this Order shall be deemed to prevent the Parties from introducing any Confidential Information into evidence at the trial of this Action, or from using any information contained in Confidential Information at the trial of this Action, subject to any pretrial Order issued by the Court.

25.     Federal Rule of Civil Procedure 26(b)(5) shall govern the procedures for assertion of privilege on inadvertently produced privileged documents.

26.     Consistent with Federal Rules of Civil Procedure 26(b)(3)(A) and (B), testifying experts or consultants shall not be subject to discovery of any draft report or draft declaration in this case, and such draft reports or declarations, and notes or outlines for such draft reports or declarations, are also exempt from discovery. In addition to the foregoing, all such documents are considered attorney work-product. No discovery shall be taken concerning any expert or consultant who is not designated under Federal Rule of Civil Procedure 26(a)(2) or who does not provide a declaration or testimony in the Litigation except (1) to the extent that such expert or consultant has provided information, opinions or other materials to an expert who is designated under Rule 26(a)(2) or who provides a declaration or testimony in the action, who then relies upon such information, opinions or other materials in forming his or her opinions offered or to be offered in this case; or (2) to the extent that the expert or consultant provides information or opinions to the Court prior to that expert's formal disclosure pursuant to Rule 26(a)(2). No conversations or communications between counsel, or anyone acting at counsel's request, and any expert or consultant, will be subject to discovery unless the conversations or communications are the sole source for facts that are relied upon by such expert or consultant in formulating opinions that are presented in reports or trial or deposition testimony in this case.

27.     Notwithstanding paragraph 26 above, the parties may seek discovery of a testifying expert's engagement agreement, invoices submitted by the expert, fees charged by the expert, and compensation received by the expert. All materials and information that an expert relied upon in forming his or her expert opinions are discoverable. Neither party shall be obligated to log privileged expert communications or draft reports or declarations. In producing an expert's invoices, the parties may redact for privilege or attorney work product where producing an unredacted invoice might otherwise breach the applicable privilege or discovery immunity.

28.     Nothing in this Order will bar counsel from rendering advice to their clients with respect to the Litigation or a subpoena, and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

29.     This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

30.     Nothing in this order shall require Boeing to provide any party with information that is subject to a non-disclosure or confidentiality agreement between Boeing and a third party until and unless arrangements have been made with the third party to protect and maintain the confidentiality of said information.  Boeing shall assist in good faith in making such arrangements. Such third party may elect to be bound by the terms of this Order and to receive the benefits of this Order.

31.     Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.  If a party who receives Confidential Information is served with a subpoena or an order issued in other litigation that would compel disclosure of such information, the party must so notify the producing party in writing immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the producing party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The producing party shall bear the burdens and the expenses of seeking protection in that Court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another Court.

32.     Nothing contained herein shall be construed to prejudice any party's right to use any Confidential Information in taking testimony at any deposition or hearing provided that the

04568.51904/5214257.1

15

Confidential Information is only disclosed to a person(s) who is: (i) eligible to have access to the Confidential Information by virtue of his or her employment with the designating party, (ii) identified in the Confidential Information as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such Confidential Information, has, in the ordinary course of business seen such Confidential Information, (iv) a current or former officer, director of employee of the producing party or a current or former officer, director or employee of a company affiliated with the producing party, (v) outside counsel for a party, (vi) an independent contractor, consultant and/or expert retained for the purpose of this litigation, (vii) court reporters and videographers, (viii) the Court, or (ix) other persons entitled herein to access Confidential Information. Confidential Information shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing party or from the Court.

33.     To the extent that any discovery is taken of persons who are not parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, other proprietary information, and/or information subject to U.S. export control, then such Third Parties may agree to be bound by this Order, thereby compelling any receiving party of the Third Party's materials to abide by the terms of this Order in their treatment and consideration of those materials.

34.     Within thirty (30) days of final termination of the Litigation, including any and all appeals, each Party and counsel for each Party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product

will continue to be bound by this Order with respect to all such retained information. The receiving party shall verify the return or destruction described herein by affidavit furnished to the producing party upon the producing party's request.

35.     Notwithstanding the foregoing provision, within thirty (30) days of final termination of this Litigation, including any and all appeals, each Party and counsel for each Party must immediately destroy or return to Boeing all materials designated "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations," including any copies of that information, and must purge all such information from all machine-readable media on which it resides, subject to applicable regulation and any requirements as set forth in any export or import authorization from the controlling U.S. Government Agency.  The receiving party shall verify the return or destruction described herein by affidavit furnished to Boeing upon Boeing's request.  To the extent that counsel for a Party has work product that contains excerpts or summaries of such information, counsel may maintain that information in a secure location pursuant to its standard document retention policies.  Any counsel maintaining such information will remain bound by the provisions of this Order and shall remain subject to any applicable export or import regulations and requirements.

36.     This Order shall continue to be binding after the conclusion of the Litigation and all subsequent proceedings arising from this Litigation, except that a party receiving Confidential Information may seek the written permission of Boeing or may move the Court for relief from the provisions of this Order.  To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Order, even after the Litigation is terminated.

37.     The restrictions and obligations set forth within this Order will not apply to any information that: (a) Boeing agrees in writing should not be designated Confidential Information; (b) Boeing agrees in writing, or the Court rules, is already public knowledge; (c) Boeing agrees in writing, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating

party.  Prior knowledge must be established by pre-production documentation.  Notwithstanding any of the foregoing, the restrictions and obligations set forth within this Order applicable to materials designated "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" continue to apply, regardless of whether or not such materials otherwise qualify as Confidential Information.

38.     The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

39.     Transmission by facsimile is acceptable for all notification purposes within this Order.

40.     This Order may be modified by agreement of all parties whose information and documents have been produced under the terms of this Order, subject to approval by the Court.

41.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED

Dated:  July 1, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1  STIPULATED AND AGREED TO BY:

2  DATED: June ___, 2013                    QUINN EMANUEL URQUHART & SULLIVAN LLP

3

4                                          By: /s/ Adam Wolfson (as authorized on June 10, 2013)

5                                          Adam Wolfson (SBN 262125)
                                           adamwolfson@quinnemanuel.com
6                                          Charles K. Verhoeven (SBN 170151)
                                           charlesverhoeven@quinnemanuel.com
7                                          Sean S. Pak (SBN 219032)
                                           seanpak@quinnemanuel.com
8                                          Eric E. Wall (SBN 248692)
                                           ericwall@quinnemanuel.com
9

10                                         Attorneys for ViaSat, Inc. and ViaSat Communications,
                                           Inc., f/k/a WildBlue Communications, Inc.
11 DATED: June ___, 2013                    SUSMAN GODFREY LLP

12

13                                         By: /s/ William R. H. Merrill
14                                         _____ (as authorized on June 10, 2013

15                                         William R. H. Merrill
                                           bmerrill@susmangodfrey.com
16                                         Marc M. Seltzer (SBN 54534)
                                           mseltzer@susmangodfrey.com
17                                         Amanda Bonn (SBN 270891)
                                           abonn@susmangodfrey.com
18

19                                         Attorneys for Space Systems/Loral, Inc. and Loral
                                           Space & Communications, Inc.
20 DATED: June ___, 2013                    KIRKLAND & ELLIS LLP

21

22                                         By:_____/s/ Corey C. Watson

23                                         Jeffrey S. Davidson (SBN143633)
                                           jeff.davidson@kirkland.com
24                                         Corey C. Watson (SBN 204679)
                                           corey.watson@kirkland.com
25                                         Xanath Owens McKeever (SBN 200646)
                                           xanath.mckeever@kirkland.com
26                                         Nimalka R. Wickramasekera (SBN 268518)
                                           nimalka.wickramasekera@kirkland.com
27

28                                         Attorneys for The Boeing Company

1

**<u>EXHIBIT</u>**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIASAT, INC.,<br>VIASAT COMMUNICATIONS, INC., f/k/a<br>WILDBLUE COMMUNICATIONS, INC., | )  CASE NO. _____<br>)<br>)  Complaint Filed:<br>) |
| Plaintiffs, | )  Judge:<br>)  Hearing Date: |
| vs. | )  Time:<br>)  Courtroom: |
| SPACE SYSTEMS/LORAL, INC., LORAL SPACE<br>& COMMUNICATIONS, INC., | )<br>) |
| Defendants. | )<br>) |

I, _____, declare and say that:

1.      I am employed as _____ by

_____.

2.      I have read the Protective Order entered in the above-captioned matter, and have received a copy of the Protective Order.

3.      I promise that I will use any and all "CONFIDENTIAL," "CONFIDENTIAL-COUNSEL ONLY," and/or "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" and/or "CONFIDENTIAL—PROSECUTION BAR" and/or "RESTRICTED CONFIDENTIAL" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the Litigation.

4.      I promise that I will not disclose or discuss such "CONFIDENTIAL," "CONFIDENTIAL—COUNSEL ONLY," and/or "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" and/or "CONFIDENTIAL—PROSECUTION BAR" and/or "RESTRICTED CONFIDENTIAL" information with anyone other than in accordance with the Protective Order.

5.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of California with respect to enforcement of the Protective Order.

6.      I understand that any disclosure or use of documents or materials marked as "CONFIDENTIAL," "CONFIDENTIAL—COUNSEL ONLY," and/or "SENSITIVE—SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" and/or "CONFIDENTIAL— PROSECUTION BAR" and/or "RESTRICTED CONFIDENTIAL" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court as well as to possible export violation penalties.

I declare under penalty of perjury that the foregoing is true and correct.


Date:  _____


_____